

**Frontier**
*INSURANCE COMPANY IN REHABILITATION*

195 Lake Louise Marie Road
Rock Hill, New York 12775-8000
(800) 836-2100 / (845) 796-2100

ASSIGNED TO CHIEF JUDGE CARMAN

April 4, 2003

Patrick J. Merucrio, Esq.
Commercial Litigation Branch
Civil Division - Department of Justice
**Attn.: Classification Unit - 8th Floor**
1100 L Street, N.W.
Washington, DC 20530

**Re:**    **The United States of America v. Lee-Hunt International, Inc., a Wyoming
Corporation, Martin L. Lee, President and CEO, Joseph Baughman, Vice
President, Washington International Insurance Co., and Frontier Insurance Co.
Court No.: 02-00816**

Dear Mr. Mercurio:

Please be advised that an Order of Rehabilitation by Edward H. Lehner, Justice of the
Supreme Court of the State of New York, County of New York, was made on the 10th day
of October, 2001, and entered in the office of the Clerk of New York County on October 15,
2001, appointing Gregory V. Serio, Superintendent of Insurance of the State of New York,
as Rehabilitator (the "Rehabilitator") of Frontier Insurance Company ("Frontier"). A copy
of said Order is attached hereto.

Paragraph 7 of the Order enjoins all persons from commencing or further prosecuting any
action or proceeding against Frontier. Therefore, the plaintiff is enjoined from further
prosecution of this case. Any further prosecution of this matter will constitute contempt of
the Rehabilitation Order.

No judgment or order granting relief against Frontier or findings regarding coverage
provided by Frontier entered or made in violation of the injunction will be given any
consideration in the Frontier rehabilitation proceeding. Any efforts to enforce a judgment
or order will violate Insurance Law §7414 and will be in further contempt of the
Rehabilitation Order.



**Frontier**
Page 2

In the event that Frontier is successfully rehabilitated, the injunction will terminate and plaintiff will be able to commence or resume prosecution of this matter. If Frontier cannot be rehabilitated, it will be placed into liquidation. The Superintendent of Insurance, as Rehabilitator, will make a determination on plaintiff's claim. Plaintiff will be entitled to a hearing in the liquidation proceeding if plaintiff objects to the determination.

Very truly yours,

Barton W. Bloom
Chief Associate Attorney II
New York State Insurance Department
Liquidation Bureau

BWB:yh
Attachment

cc:    Leo M. Gordon, Clerk of Court
       United States Court of International Trade
       One Federal Plaza
       New York, NY 10278-0001

       Evamarie Lindaas (Bond Department)
       Maureen Hardy (Bond Department)

At IAS Part 19 of the Supreme Court
of the State of New York, County of
New York, at the Courthouse, 60
Centre Street, New York, New York
on the 10th day of October, 2001.

PRESENT:

HON. EDWARD H. LEHNER

JUSTICE

----------------------------------------------x

In the Matter of

The Application of

GREGORY V. SERIO, as Superintendent of Insurance
of the State of New York, for an order to take
possession of the property of and rehabilitate

FRONTIER INSURANCE COMPANY

----------------------------------------------x

Index No.: 405090/0i

**ORDER OF
REHABILITATION**

Petitioner, Gregory V. Serio, Superintendent of Insurance of the State of New
York (the "Superintendent"), having moved this Court for an order to take possession of
the property of and rehabilitate Frontier Insurance Company ("Frontier");

NOW, upon reading and filing the order to show cause signed August 27,
2001, the petition of Gregory V. Serio, Superintendent of Insurance, by Kevin Rampe,
First Deputy Superintendent, duly verified August 24, 2001 and the emergency affidavit
of Kevin Rampe sworn to on August 27, 2001; (the exhibits annexed thereto); the cross
motion by Frontier Insurance Group dated September 7, 2001, the annexed proposed
petition, the affidavit of Suzanne Loughlin sworn to on September 7, 2001, the exhibits
annexed thereto; the affirmation in opposition by Mary Nicholls dated September 7,
2001; the affirmation in opposition by Adam J. Glatt dated September 7, 2001; the
affidavit of Kevin Rampe sworn to on October 3, 2001, and the exhibits annexed thereto;

and the reply affidavit of Joseph Termini sworn to on October 3, 2001 and it appearing to my satisfaction that:

1. Frontier was incorporated in New York as a stock property/casualty insurer on November 2, 1962 and commenced business on August 17, 1966;

2. Frontier's principal place of business is located at 195 Lake Louise Marie Road, Rock Hill, New York in Sullivan County. Frontier's tax ID number is 13-2559805;

3. Frontier is subject to the New York Insurance Law and particularly to article 74 thereof;

4. Frontier is insolvent;

5. Frontier has failed to cure its impairment of capital or minimum surplus to policyholders;

6. Frontier has consented to the entry of the order of rehabilitation; and

7. It is in the best interest of Frontiers's policyholders, creditors and the general public that the Superintendent be directed to take possession of Frontier's property and to rehabilitate its business and affairs;

And, the Petitioner, having appeared by the Hon. Eliot Spitzer, Attorney General of the State of New York, and due deliberation having been had;

NOW, on motion of Hon. Eliot Spitzer, Attorney General of the State of New York, it is ORDERED as follows:

1. The petition is granted and the cross-motion is withdrawn;

2. Gregory V. Serio, Superintendent, and his successors in office as Superintendent, is appointed Rehabilitator of Frontier and is authorized and directed to immediately take possession of its property, conduct its business, including but not limited to settling claims within his sole discretion, take such steps toward the removal of the causes and conditions which made this proceeding necessary as he shall deem wise and expedient, and deal with the property and business of Frontier in its name or in the name of the Superintendent as Rehabilitator;

2

3. Notice to all persons having claims against Frontier to file or present their claims to the Superintendent as Rehabilitator is deferred until further order of this court;

4. Frontier, its officers, directors, depositories, trustees, agents, servants, employees, and all other persons, having any property or records belonging or relating to Frontier, including, but not limited to insurance policy, loss claim and legal files are directed, upon request of the Superintendent as Rehabilitator to assign, transfer, set over and deliver to him all such property or records;

5. Any persons, firms, corporations, or associations having any books, papers or records relating to the business of Frontier shall preserve them and submit them to the Superintendent as Rehabilitator for examination and copying at all reasonable times;

6. All persons including, but not limited to the officers, directors, shareholders, trustees, agents, servants, employees, attorneys, and managers of Frontier, are enjoined and restrained from the transaction of Frontier's business, the waste or disposition of its property, interfering with the Superintendent as Rehabilitator in the possession, control and management of Frontier's property or in the discharge of his duties;

7. All persons are enjoined and restrained from commencing or prosecuting any actions, lawsuits, or proceedings against Frontier, or the Superintendent as Rehabilitator;

8. All persons are enjoined and restrained from obtaining preferences, judgments, attachments or other liens or making any levy against Frontier's assets or any part thereof.

9. All parties to actions, lawsuits, and special or other proceedings in which Frontier is obligated to defend a party pursuant to an insurance policy, bond, contract or otherwise are enjoined and restrained from proceeding with any discovery, court conferences including but not limited to pre-trial conference, trial, application for judgment or proceedings on settlements or judgments for a period of one hundred and eighty days from the date of entry of this order.

10. Those persons who may have first-party or New York Comprehensive Automobile Insurance Reparations Act (No-Fault) policyholder loss claims against Frontier coming within the purview of Article 76 of the Insurance Law are enjoined from presenting and filing such claims in this proceeding for 90 days from the date of entry of this order.

3

11. In addition to the powers enumerated above and those delegated to the Rehabilitator in the New York Insurance Law, the Rehabilitator, by Order to Show Cause on notice to interested parties, including without limitation Frontier's sole shareholder, and subject to court approval, may sell or otherwise dispose of all or any part of the real and personal property of Frontier, sell any line of insurance, and take such other actions as set forth in Section 7428 of the New York Insurance Law.

12. That the Superintendent of Insurance, as Rehabilitator, may at any time make further application at the foot of this Order to this Court for such further and different relief as he sees fit.

13. All further papers in this proceeding shall bear the caption:

In the Matter of

The Rehabilitation of

FRONTIER INSURANCE COMPANY

ENTER



_____
J.S.C.

RehOrder 1

FILED
OCT 15 2001
NEW YORK
COUNTY CLERK'S OFFICE

4

RECEIVED & FILED

2003 APR -8  A 9: 44

U.S. COURT OF
INTERNATIONAL TRADE
LEO M. GORDON, CLERK