**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: THE HONORABLE GREGORY W. CARMAN, CHIEF JUDGE**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br><br>                    Plaintiff,    )<br><br>v.                         )<br><br>LEE HUNT INTERNATIONAL, INC.    )<br>A Wyoming Corporation, MARTIN L. LEE,    )<br>President and CEO, Joseph Baughman, Vice-    )<br>President; FRONTIER INSURANCE CO.,    )<br>and FRONTIER INSURANCE CO.,    )<br><br>                    Defendant.    )<br><br>FRONTIER INSURANCE COMPANY,    )<br>                    Plaintiff,    )<br>v.                         )<br><br>LEE HUNT INTERNATIONAL, MARTIN L. LEE )<br>and JOSEPH BAUGHMAN,    )<br><br>                    Cross-Defendant.    ) | COURT NO. 02-00816 |

## ANSWER AND CROSS-CLAIM

Pursuant to Rule 7(a) of the Rules of the Untied States Court of International Trade,

Defendant, Frontier Insurance Company (hereinafter "Frontier"), by and through its undersigned

attorneys, answers the Complaint as follows:

1.      Frontier International admits the allegation contained in paragraph 1 of the Complaint.

2.      Defendant Frontier International avers that the statute cited speaks for itself

and neither admits nor denies Plaintiff's statement thereon in paragraph 2 of the Complaint.

3.      Defendant Frontier admits the allegation contained in paragraph 3 of the

Complaint.

4.      Defendant Frontier admits the allegations of paragraph 4 of the Complaint.

5.      Defendant Frontier admits the allegations in paragraph 5 of the Complaint.

6.      Defendant Frontier admits the allegations in paragraph 6 of the Complaint.

7.      Defendant Frontier is without sufficient information or belief to either admit or deny the allegations contained in paragraph 7 of the Complaint, and on that basis denies the allegations contained in paragraph 7 of the Complaint.

8.      Defendant Frontier admits the allegations in paragraph 8 of the Complaint.

9.      Defendant Frontier is without sufficient information or belief to either admit or deny the allegations in paragraph 9 of the Complaint, and on that basis denies the allegations in paragraph 9 of the Complaint.

10.     Defendant Frontier is without sufficient information or belief to either admit or deny the allegations in paragraph 10 of the Complaint, and on that basis denies the allegations in paragraph 10 of the Complaint.

11.     Defendant Frontier is without sufficient information or belief to either admit or deny the allegations in paragraph 11 of the Complaint, and on that basis denies the allegations in paragraph 11 of the Complaint.

12.     Defendant Frontier is without sufficient information or belief to either admit or deny the allegations in paragraph 12 of the Complaint, and on that basis denies the allegations in paragraph 12 of the Complaint.

13.    Defendant Frontier is without sufficient information or belief to either admit or deny the allegations in paragraph 13 of the Complaint, and on that basis denies the allegations in paragraph 13 of the Complaint.

14.    Defendant Frontier is without sufficient information or belief to either admit or deny the allegations in paragraph 14 of the Complaint, and on that basis denies the allegations in paragraph 14 of the Complaint.

15.    Defendant Frontier is without sufficient information or belief to either admit or deny the allegations in paragraph 15 of the Complaint, and on that basis denies the allegations in paragraph 15 of the Complaint.

16.    Defendant Frontier is without sufficient information or belief to either admit or deny the allegations in paragraph 16 of the Complaint, and on that basis denies the allegations in paragraph 16 of the Complaint.

17.    Defendant Frontier is without sufficient information or belief to either admit or deny the allegations in paragraph 17 of the Complaint, and on that basis denies the allegations in paragraph 17 of the Complaint.

18.    Defendant Frontier is without sufficient information or belief to either admit or deny the allegations in paragraph 18 of the Complaint, and on that basis denies the allegations in paragraph 18 of the Complaint.

19.    Defendant Frontier is without sufficient information or belief to either admit or deny the allegations in paragraph 19 of the Complaint, and on that basis denies the allegations in paragraph 19 of the Complaint.

20.    Defendant Frontier is without sufficient information or belief to either admit or deny the allegations in paragraph 20 of the Complaint, and on that basis denies the allegations in paragraph 20 of the Complaint.

21.    Defendant Frontier is without sufficient information or belief to either admit or deny the allegations in paragraph 21 of the Complaint, and on that basis denies the allegations in paragraph 21 of the Complaint.

22.    Defendant Frontier is without sufficient information or belief to either admit or deny the allegations in paragraph 22 of the Complaint, and on that basis denies the allegations in paragraph 22 of the Complaint.

23.    Defendant Frontier is without sufficient information or belief to either admit or deny the allegations in paragraph 23 of the Complaint, and on that basis denies the allegations in paragraph 23 of the Complaint.

24.    Defendant Frontier is without sufficient information or belief to either admit or deny the allegations in paragraph 24 of the Complaint, and on that basis denies the allegations in paragraph 24 of the Complaint.

25.    Defendant Frontier is without sufficient information or belief to either admit to deny the allegations in paragraph 25 of the Complaint, and on that basis denies the allegations in paragraph 25 of the Complaint.

26. Defendant Frontier is without sufficient information or belief to either admit or deny the allegations contained in paragraph 26 of the Complaint, and on that basis denies the allegations contained in paragraph 26.

27.    Defendant Frontier denies the allegations in paragraph 27 of the Complaint.

28.    Defendant Frontier admits no payments have been made, but denies any duties are outstanding or lawful.

29. Defendant Frontier admits the allegations contained in paragraph 29 of the Complaint.

## COUNT I

30.    The admissions and denials contained in paragraphs 1-29 are restated and incorporated by this response.

31.    Defendant Frontier is without sufficient information or belief to either admit or deny the allegations in paragraph 31 of the Complaint, and on that basis denies the allegations in paragraph 31 of the Complaint.

32.    Defendant Frontier is without sufficient information or belief to either admit or deny the allegations in paragraph 32 of the Complaint, and on that basis denies the allegations in paragraph 32 of the Complaint.

33.    Defendant Frontier is without sufficient information or belief to either admit or deny the allegations in paragraph 33 of the Complaint, and on that basis denies the allegations in paragraph 33 of the Complaint.

## COUNT II

34.    The admissions and denials contained in paragraphs 1-33 are restated and incorporated by this response.

35. Defendant Frontier is without sufficient information or belief to either admit or deny the allegations in paragraph 35 of the Complaint, and on that basis denies the allegations in paragraph 35 of the Complaint.

36.    Defendant Frontier is without sufficient information or belief to either admit or deny the allegations in paragraph 36 of the Complaint, and on that basis denies the allegations in paragraph 36 of the Complaint.

## COUNT III

37.    The admissions and denials contained in paragraphs 1-36 are restated and incorporated by this response.

38.    Defendant Frontier lacks sufficient information or belief to either admit or deny the allegations contained in paragraph 38 of the Complaint, and on that basis denies the allegations contained in paragraph 38 of the Complaint.

39.    Defendant Frontier lacks sufficient information or belief to either admit or deny that demand was made; denies  for lack of information and belief that any party is liable for the $100,000 demanded or any lesser sum.

## COUNT IV

40.    The admissions and denials contained in paragraphs 1-39 are restated and incorporated by this response.

41.    Defendant Frontier denies the allegations in paragraph 41 of the Complaint.

42.    Defendant Frontier admits the demand was made but denies that Frontier is liable for $50,000 or any lesser sum, as stated in paragraph 42 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

1.      Defendant Frontier is under the protection of an Order of Rehabilitation issued by the Honorable Edward H. Lehner, Justice of the Supreme Court of the State of New York, dated the 10th day of October 2001, and filed in the Office of the Clerk of New York County on October 15, 2001; as a result, the Complaint filed herein and any further prosecution thereon is in violation of paragraph 7 of said Order.

## SECOND AFFIRMATIVE DEFENSE

**2.**      This action is barred by the limitations on actions contained in 19 U.S.C. § 1621.

## THIRD AFFIRMATIVE DEFENSE

3.      The appraising officers of the United States Customs Service (now Bureau of Customs and Border Protection) manually and intentionally liquidated the subject entries "As Entered" with knowledge of the alleged misdescription and misclassification.

4.      Any alleged misdescription or misclassification of the subject merchandise at the time of entry was not the cause of any alleged loss of revenue at the time of liquidation of the subject entries.

## PRAYER

**WHEREFORE**, Defendant, Frontier, requests that the Court enter judgment in its favor against Plaintiff, denying Plaintiff's prayer against Frontier in the amount of $50,000; or any lesser sum and for such other and further relief as the Court may deem appropriate.

## CROSS-CLAIM

Defendant, Frontier, by and through its undersigned attorneys, brings this Cross-Claim and alleges the following:

1.      This is a Cross-Claim brought by Frontier against Cross-Defendants, Lee Hunt International, Inc., Martin L. Lee and Joseph Baughman, to compel payment and indemnity for monies claimed and demanded by Plaintiff, United States, from Frontier, as surety, pursuant to the terms and conditions of various customs entry bond in which Cross-Defendant, Lee Hunt was named as principal and Cross-Claimant Frontier was named as surety.

2.      This Court possessed exclusive jurisdiction to entertain this Cross-Claim pursuant to 28 U.S.C. § 1583 and Rule 13(f) of the Rules of the Court of International Trade.

3.      Frontier is informed and believes that, at all times relevant, Cross-Defendant, Lee Hunt International ("Lee Hunt"), was a Wyoming corporation with its principal place of business at 1280-B Huff Lane, Jackson Hole, Wyoming 83001.

4.      Frontier is informed and believes that, at all times relevant, Cross-Defendant Martin L. Lee ("Lee") was a resident of Wyoming and resides at Ranch Townhomes #2, Wilson, Wyoming 83002.

5.      Frontier is informed and believes that, at all times relevant, Cross-Defendant Joseph Baughman ("Baughman") was a resident of Wyoming and resides at 8055 Quill Road, Jackson, Wyoming 83001.

6.      Frontier is informed and believes that, at all times relevant, Lee was the President and Chief Executive Officer of Lee Hunt.

7.    Frontier is informed and believes that, at all times relevant, Baughman was the

Vice President of Lee Hunt.

8.    Frontier is informed and believes that, at all times relevant, Lee and Baughman

controlled the operations of Lee Hunt.

9.    At all times relevant, Cross-Defendants, Lee Hunt, Lee and Baughman were the

undisclosed principals of each of the other Cross-Defendants.

10.    At all times relevant, Cross-Defendants Lee Hunt, Lee and Baughman were each

the agents of the other Cross-Defendant and in doing the things herein alleged, were

acting within the scope and authority of such agency and with the permission and consent

of the other Cross-Defendants.

11.    Frontier is informed and believes, and on that basis alleges, that there is such unity

of interest between Cross-Defendants Lee Hunt, Lee and Baughman  that the separate

personalities of said Cross-Defendants no longer exist, and that an inequitable result would

follow if the acts of Cross-Defendants are treated as those of one defendant alone.

## FIRST CAUSE OF ACTION

12.    At the special instance and request of Cross-Defendants Lee Hunt,

Lee and Baughman, Cross-Claimant, Frontier, as surety, executed and delivered to the

Department of Treasury, United States Customs Service, that certain Continuous Transaction

bond, in the amount of $50,000, attached as Exhibit B.2 to Plaintiff's Complaint.

13.    Under the terms of said bond, Cross-Claimant, Frontier, undertook and agreed to pay to the Department of Treasury, United States Customs Service, any and all duties and taxes found to be due, *legally fixed* and imposed on any entry secured by the bonds up to the maximum $50,000 penal value of the subject bond.

14.    Frontier is informed and believes that the Customs Service has made demands upon Cross-Defendants for payment of withheld customs duties in an amount in excess of the $50,000 penal value of the bond.

15.    Frontier is informed and believes that Cross-Defendants have consistently refused to pay United States, the sum of withheld duties and fees demanded or any portion thereof.

16.    As a result of Cross-Defendants' failure to pay the demand for withheld duties and fees to the Department of Treasury, United States Customs Service, it has become necessary for Cross-Claimant, Frontier, to employ the services of T. Randolph Ferguson of the law firm of Sandler, Travis & Rosenberg and Glad & Ferguson, P.C. to protect the rights and interests of the surety in defending against the United States' claim and demand upon Frontier for said duties and fees.

17.    Frontier is informed and believes that one or more of the Cross-Defendants are financially solvent and able to pay the claim and demand of the United States for withheld duties and fees.

18.    No part of said withheld duties and fees has been paid and there is now unpaid a claim in an aggregate amount of $50,000 on account of the subject bond.

19.    Cross-Defendants are, or will be, liable to Cross-Claimant, Frontier for all the

claims for withheld duties and fees asserted by Plaintiff on the bond identified in Plantiff's

Complaint, up to the $50,000 aggregate bond limitation on the bond, as identified in Plaintiff's

Complaint, if Plaintiff is successful in obtaining judgment against Frontier under 19 U.S.C. §

1592(d).

20.    As a result of Cross-Defendants' failure to pay said claim and demands for

withheld duties and fees, and unless said Cross-Defendants are compelled to pay the

same, Cross-Claimant, Frontier, will be compelled to pay said obligation, all to Cross Claimant's

damage in the sum of at least $50,000, plus interest, as prayed for in Plaintiff's Complaint.

## SECOND CAUSE OF ACTION

21.    Cross-Claimant, Frontier, incorporates herein by this reference, the allegations

contained in paragraphs 1 of 20 of the Cross-Claim as though fully set forth herein.

22.    Cross-Defendants are and, at all times relevant herein, were primarily obligated

and responsible for payment of the withheld duties and fees demanded from them by

Plaintiff, while Cross-Claimant was only secondarily and derivatively liable therefore.

23.    As a result of the foregoing, Cross-Defendants are obligated to indemnify Cross-

Claimant, Frontier, for the amount of withheld duties and fees being demanded by Plaintiff from

Cross-Claimant, Frontier, on the subject bond.

## THIRD CAUSE OF ACTION

24.    Cross-Claimant, Frontier, incorporates herein by this reference the allegations contained in paragraphs 1 through 23 of this Cross-Claim as though fully set forth herein.

25.    Because of wrongful acts of Cross-Defendants, Cross-Claimant, Frontier, may be required to pay the amount of $50,000, plus interest, in additional duties to Plaintiff, for duties on goods owned by the Cross-Defendants, which the Cross-Defendants rightfully should have paid.

26.    Cross-Defendants, by reason above, will be unjustly enriched in an amount of $50,000, plus interest, which Cross-Claimant, Frontier, may be required to pay.

**WHEREFORE**, for its **FIRST**, **SECOND** and **THIRD CAUSES OF ACTION**, Cross-Claimant, Frontier, prays for an order and judgment against Cross-Defendants, and each of them, as follows:

1.    For a judgment against each Cross-Defendant compelling the payment in full satisfaction of the $50,000 demand for withheld duties and fees, plus interest, if any, on the bond identified in Plaintiff's Complaint;

2.    For a judgment against each Cross-Defendants indemnifying Cross-Claimant, Frontier, for the payment in full satisfaction on any claim or demand for withheld duties and fees made by Plaintiff on account of the bonds identified in Plaintiff's Claim;

3.    For reasonable attorney's fees;

4.    For the cost of suit herein incurred; and

5.    For such other and further relief as the Court may deem appropriate.

Dated: January 23, 2004

Respectfully submitted,
**SANDLER, TRAVIS & ROSENBERG AND GLAD & FERGUSON, P.C.**
One Sutter Street, 10th Floor
San Francisco, California 94104
(415) 986-1088

By:

T. RANDOLPH FERGUSON
Attorney for the Defendant/Cross-Claimant,
Frontier Insurance Company

## PROOF OF SERVICE BY MAIL

I, the undersigned state: I am at all times herein mentioned, a citizen of the United States and a resident of the County of San Francisco, California; over the age of eighteen years; and not a party to the within action or proceeding; that my place of business address is:

One Sutter Street, 10th Floor
San Francisco, CA  94104

That on the _____ day of January, 2004, I served the within **ANSWER AND CROSS-CLAIM, FORM 13 and NOTICE OF APPEARANCE**, Court Number 02-00816, on David Harrington, in said action or proceeding, by depositing a true copy thereof, in a sealed envelope with postage thereon, fully prepaid, in a mail box regularly maintained by the Government of the United States at the corner of Sutter Street and Sansome Street, San Francisco, California 94104, addressed to the attorney for Plaintiff as follows:

David Harrington
Civil Division, Department of Justice
Commercial Litigation Branch
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C.  20530

Executed on this _____ day of January, 2004, at San Francisco, California.

> I certify or declare under
> penalty of perjury that the
> foregoing is true and correct.
>
> _____
> TIFFANY NIXON

**PROOF OF SERVICE BY MAIL**

I, the undersigned state: I am at all times herein mentioned, a citizen of the United States and a resident of the County of San Francisco, California; over the age of eighteen years; and not a party to the within action or proceeding; that my place of business address is:

> One Sutter Street, 10th Floor
> San Francisco, CA  94104

That on the _____ day of January, 2004, I served the within **ANSWER AND CROSS-CLAIM, FORM 13 and NOTICE OF APPEARANCE**, Court Number 02-00816, on Joseph Spraragen, counsel for Lee-Hunt International and Martin Lee, in said action or proceeding, by depositing a true copy thereof, in a sealed envelope with postage thereon, fully prepaid, in a mail box regularly maintained by the Government of the United States at the corner of Sutter Street and Sansome Street, San Francisco, California 94104, addressed to the attorney for the Plaintiff and each of the Defendants as follows:

Joseph M. Spraragen
Grunfeld, Desiderio, Lebowitz, Silverman & Klestadt, LLP
399 Park Avenue, 25th Floor
New York, NY  10022

Executed on this _____ day of January, 2004, at San Francisco, California.

> I certify or declare under
> penalty of perjury that the
> foregoing is true and correct.
>
> _____
> TIFFANY NIXON

## PROOF OF SERVICE BY MAIL

I, the undersigned state: I am at all times herein mentioned, a citizen of the United States and a resident of the County of San Francisco, California; over the age of eighteen years; and not a party to the within action or proceeding; that my place of business address is:

One Sutter Street, 10th Floor
San Francisco, CA 94104

That on the _____ day of January, 2004, I served the within **ANSWER AND CROSS-CLAIM, FORM 13 and NOTICE OF APPEARANCE**, Court Number 02-00816, on Judd L. Kessler, counsel for Joseph Baughman, in said action or proceeding, by depositing a true copy thereof, in a sealed envelope with postage thereon, fully prepaid, in a mail box regularly maintained by the Government of the United States at the corner of Sutter Street and Sansome Street, San Francisco, California 94104, addressed to the attorney for the Plaintiff and each of the Defendants as follows:

Judd L. Kessler
Porter Wright Morris & Arthur, LLP
1919 Pennsylvania Avenue
Suite 500
Washington, D.C. 20006-3434

Executed on this _____ day of January, 2004, at San Francisco, California.

I certify or declare under
penalty of perjury that the
foregoing is true and correct.

TIFFANY NIXON

...ULE 5(e). THIS PAPER IS ...
...LED AS OF THE DATE OF MAILING.
TO WIT __1/2 6/ 6 4__

RECEIVED & FILED

2004 JAN 30  P 1: 24