UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: HON. GREGORY W. CARMAN, JUDGE

------------------------------------------------------------x
UNITED STATES                                     :
                                                  :
                          Plaintiff,              :  Court No. 02-00816
                                                  :
           v.                                     :
                                                  :
LEE-HUNT INTERNATIONAL, INC.,                     :
MARTIN L. LEE, JOSEPH BAUGHMAN,                   :
WASHINGTON INTERNATIONAL                          :
INSURANCE CO., and FRONTIER                       :
INSURANCE CO.                                     :
                                                  :
                          Defendants.             :
                                                  :
------------------------------------------------------------x

**<u>STIPULATED JUDGMENT PURSUANT TO RULE 54(B)</u>**

For the purpose of disposing of the claims of the United States against defendants LHI, Inc. ("LHI"), Martin L. Lee, Joseph Baughman, and Washington International Insurance Company ("Washington International") and no other defendants, the undersigned parties, through their respective undersigned attorneys, pursuant to Rule 54(b) of the Rules of the United States Court of International Trade, stipulate and agree as follows:

1.   On December 19, 2002, the United States filed this action pursuant to 19 U.S.C. § 1592, <u>United States v. Lee-Hunt International, Inc. et al.</u>, seeking to collect lost customs duties and civil penalties from Mr. Lee, LHI, and Mr. Baughman, and lost customs duties from Washington International, one of the sureties of LHI. The United States also seeks lost customs duties from surety Frontier Insurance Company, who is not a party to this stipulated judgment. The United States seeks penalties in the amount of $1,746,964.99 from Mr. Lee, Mr. Baughman, and LHI, jointly and severally. The United States, in its complaint, seeks to recover lost duties in the amount of $240,936.65 from Mr. Lee, Mr. Baughman, and LHI, jointly and severally. The

United States, in its complaint, seeks to recover lost duties from Washington International in the amount of $100,000, which is the total amount of the bond covering entries for which Washington International has contractually agreed to act as surety.

2. Defendant Joseph Baughman shall pay the United States $2,500, inclusive of interest, with each party to bear its own costs, attorney fees, and expenses in exchange for the voluntary dismissal of the claims against Mr. Baughman. Payment shall be made within 30 days after entry of this Stipulated Judgment.

3. Defendant Washington International Insurance Co. shall pay the United States $100,000, inclusive of interest, with each party to bear its own costs, attorney fees, and expenses in exchange for the voluntary dismissal of the claims against Washington International. Payment shall be made within 30 days after entry of this Stipulated Judgment.

4. Defendant Martin L. Lee admits to the possibility of negligence in the classification of the subject merchandise and agrees to reimburse and indemnify Washington International for the full amount payable by Washington International to plaintiff pursuant to this judgment.

5. Defendants Martin L. Lee and Washington International Insurance Co. will separately establish a schedule according to which Martin L. Lee will reimburse Washington International Insurance Co.

6. Defendant Martin L. Lee shall pay the United States $25,000, inclusive of interest, with each party to bear its own costs, attorney fees, and expenses in exchange for the voluntary dismissal of the claims against Mr. Lee and LHI. Payments shall be made pursuant to the following schedule:

| Payment No. | Payment Amount | Date Payment Must Be Received By Department Of Justice |
|---|---|---|
| 1 | $5,000 | September 30, 2006 |
| 2 | $5,000 | September 30, 2007 |
| 3 | $5,000 | September 30, 2008 |
| 4 | $5,000 | September 30, 2009 |
| 5 | $5,000 | September 30, 2010 |

7.  The payments made to the United States by Mr. Lee and Mr. Baughman pursuant to this Stipulated Judgment shall be in the form of a certified bank check, cashier's check, or money order, payable to United States Department of Justice. The payments made to the United States by Washington International shall be in the form of a check or money order, payable to United States Department of Justice. Payment shall be remitted to the Department of Justice, care of Roger A. Hipp or his successor, at the following address:

> Department of Justice
> Civil Division, Commercial Litigation Branch
> Classification Unit, 8th Floor
> Washington, DC  20005

Payments shall be transmitted to the Department of Justice by overnight delivery or other means that will provide proof of receipt by the Department of Justice. Payment shall be deemed made when the funds are actually received by the Department of Justice.

8.  If a party fails to make a payment by the due date specified in this Stipulated Judgment, the failure shall constitute a default. In the event of a default, the United States may immediately take any steps it deems necessary to collect the amounts due pursuant to this Stipulated Judgment. Mr. Baughman, Mr. Lee, and Washington International agree that in the event of default, the defaulting party shall reimburse the United States for any attorney fees and costs incurred by the United States in any enforcement action or as a result of any other efforts undertaken by the United States to collect any of the amounts due from the defaulting party pursuant to this Stipulated Judgment. The defaulting party shall also be liable for statutory

interest pursuant to 28 U.S.C. § 1961 on the unpaid amount commencing from the time the scheduled payment was due until such time as it is paid to or collected by the United States.

9. Except as provided in paragraph 14 of this Stipulated Judgment, and contingent upon the completed payment pursuant to the terms as provided in paragraphs 2, 3, and 6 of this Stipulated Judgment, the United States shall bring no further administrative or judicial proceedings against Mr. Baughman, Mr. Lee, LHI, or Washington International pursuant to 19 U.S.C. § 1592 concerning the entries and alleged violations involved in this case.

10. Except as provided in paragraph 12 of this Stipulated Judgment, Mr. Baughman, Mr. Lee, LHI, and Washington International hereby waive, release, and promise to refrain from instituting or maintaining any claim, whether such claim or cause of action is currently known or unknown, against the United States, its agents, officials or employees, concerning the entries and alleged violations involved in this case.

11. Except as provided in paragraphs 4 and 5 of this Stipulated Judgment, Mr. Baughman, Mr. Lee, LHI, and Washington International hereby waive, release, and promise to refrain from instituting or maintaining any claim, whether such claim or cause of action is currently known or unknown, against each other involving the entries and alleged violations involved in this case.

12. Claims arising from the breach of this Stipulated Judgment are specifically excluded from the scope and terms of this Stipulated Judgment.

13. The parties stipulate that this Stipulated Judgment comprises the entire agreement concerning the obligations of the United States, Mr. Baughman, Mr. Lee, LHI, and Washington International with respect to any claims or defenses asserted in this matter.

14. Nothing in this Stipulated Judgment shall preclude the United States from taking appropriate action against Mr. Baughman, Mr. Lee, LHI, or Washington International with respect to any matter not the subject of this case.

15. The parties agree that, in setting the settlement amount in this case, the United States has relied upon the statements of Mr. Lee and LHI concerning those parties' ability to pay the full amount demanded in the complaint. Accordingly, should the United States discover that Mr. Lee or LHI possessed material assets during the period marked by the filing of the Complaint and the entering of this Judgment that were not disclosed to the Government during this litigation, then Mr. Lee and LHI shall be in material breach of this Settlement Agreement and shall be liable to the United States for the value of any such undisclosed assets, up to the full amount demanded in the complaint in the Action, plus interest and attorney fees incurred by the Government in collecting this amount.

16. This Stipulated Judgment is in no way related to or concerned with any Federal income taxes collectible by the United States for which Mr. Baughman, Mr. Lee, LHI, Washington International, or related parties may in the future be liable to the United States.

17. This Stipulated Judgment shall bind Mr. Baughman, Mr. Lee, LHI, Washington International, their officers, directors, employees, predecessors, subsidiaries, heirs, executors, administrators, agents, and assigns.

18. This document constitutes a complete integration of the agreement between the parties and supersedes any and all prior oral or written representations, understandings or agreements among or between them.

19. This Stipulated Judgment shall in no way affect the claims of the United States against Frontier Insurance Company.

20. There is no just reason for delay of entry of judgment against defendants LHI, Inc. Martin L. Lee, Joseph Baughman, and Washington International Insurance Company.

SANDLER TRAVIS ROSENBERG
GLAD & FERGUSON, PC
Attorneys for Washington International
Insurance Co. and Frontier Insurance Co.
One Sutter Street
10th Floor
San Francisco, CA 94104
(415) 986-1088

by: _____
    T. Randolph Ferguson

Dated: 9/18/06

PORTER WRIGHT MORRIS &
ARTHUR, LLP
Attorneys for Joseph Baughman
1919 Pennsylvania Avenue, NW
Suite 500
Washington, DC 20006-3434
(202) 778-3080

by: _____
    Judd Kessler

Dated: 9/14/06

GRUNFELD DESIDERIO LEBOWITZ
SILVERMAN & KLESTADT LLP
Attorneys for Defendants Lee-Hunt
International, Inc., and Martin L. Lee
399 Park Avenue
25th Floor
New York, New York 10022-4877
(212) 557-4000

by: _____
    Joseph M. Spraragen

Dated: 9/20/06

PETER D. KEISLER,
Assistant Attorney General

DAVID M. COHEN
Director
_____

PATRICIA M. MCCARTHY
Assistant Director
_____

ROGER A. HIPP
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn:   Classification Unit
        8th Floor
1100 L Street, N.W.
Washington, D.C. 20005
(202) 305-3091

Attorneys for the United States

Dated: September 13, 2006

**IT IS HEREBY ORDERED** that this action is decided as to defendants LHI, Inc. Martin L. Lee, Joseph Baughman, and Washington International Insurance Company. There being no just reason for delay, this final judgment is to be entered by the Clerk of this Court in accordance with the stipulation of the parties set forth above. The claims of the United States against defendant Frontier Insurance Company shall remain pending before the Court.

                                                                         Gregory W. Carman, Judge

Dated: New York, New York
       , 2006

## CERTIFICATE OF SERVICE

    I certify that I am over 18 years of age and not a party to this action, and that on Wednesday, September 20, 2006, on behalf of Lee-Hunt International, Inc. and Martin L. Lee, defendants herein, I caused the annexed Stipulated Judgment, to be sent via U.S. mail, first-class, postage prepaid, addressed to:

Roger A. Hipp, Esq.
Dept. of Justice, Civil Division
Commercial Litigation Branch
1100 L Street, N.W.
Washington, D.C. 20530

T. Randolph Ferguson, Esq.
Sandler, Travis, Rosenberg, Glad & Ferguson
505 Sansome Street
San Francisco, CA 94111

Judd L. Kessler, Esq.
Porter Wright Morris & Arthur LLP
1919 Pennsylvania Avenue
Suite 500
Washington, D.C. 20006-3434

                                               GRUNFELD, DESIDERIO, LEBOWITZ,
                                               SILVERMAN & KLESTADT LLP

                                               Anthony Rogers

Dated: September 20, 2006
       New York, New York

360819_1